IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KIM L. P.,

        Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

        Defendant.

Case No. 18-cv-552-JED-FHM

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's March 27, 2015, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Luke Liter was held July 11, 2017. By decision dated September 6, 2017, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 20, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 37 years old on the date of alleged onset of disability and 40 at the time of the ALJ's denial decision.  She has a high school education and no past relevant work.  She claims to have been unable to work since March 15, 2017 as a result of positive HIV status, borderline intellectual functioning, problems walking and standing due to obesity, sleep apnea, depression, anxiety, diabetes, and hypertension.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to lift, carry, push, or pull twenty pounds occasionally and ten pound frequently, sit for six hours of an eight-hour workday, and stand or walk for a combined total of six hours out of an eight-hour workday, she should avoid climbing ladders, ropes or scaffolds, she can understand, remember, and carry out simple tasks, public contact should not be part of job duties, and she can tolerate superficial contact with coworkers and supervisors.  [R. 20].

Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these

limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly evaluate the medical opinions in the record and the ALJ failed at step five of the sequential evaluation because the jobs identified are unsuitable for her.

## **Analysis**

### Evaluation of Medical Opinions

The record contains mental RFC findings by state agency psychologists who rendered their opinions after reviewing Plaintiff's records. [R. 74-76, 89-91]. The ALJ stated he gave these opinions "substantial weight." [R. 24]. Plaintiff argues that the ALJ's RFC limitation to simple tasks is inconsistent with the opinions of the state agency psychologists. Specifically, Plaintiff asserts that the RFC for simple routine tasks is not consistent with this part of agency psychologists' evaluations:

> Claimant can understand and remember simple 1-2 step instructions (simple, unskilled level).

[R. 75, 90] The quoted language is found in that part of psychologists' assessments where they performed the required analysis known as the psychiatric review technique (PRT),[2]

---

[2] When there is evidence of a mental impairment that allegedly prevents a claimant from working, at each level of the administrative process, the evaluator must follow the procedure for evaluating mental impairments set forth in the regulations. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The procedure for evaluating alleged mental impairments requires consideration of the effect of the alleged mental impairment on four broad areas of functioning known as the "paragraph B" criteria: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt and manage oneself. These criteria represent the areas of mental functioning a person uses in a work setting. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).

not in the psychologists' final conclusions about Plaintiff's mental RFC. As to Plaintiff's mental RFC, they opined:

> Clmt can perform simple tasks with routine supervision.
> Clmt is able to interact appropriately with coworkers and supervisors for incidental work purposes but should have limited contact with the public.
> Clmt is able to adapt to work settings.

[R. 76, 91]. The ALJ's RFC limitation to understanding, remembering, and carrying out simple tasks is entirely consistent with the RFC opinions of the state agency psychologists.

## Step Five Evaluation

At step five of the sequential evaluation the ALJ determines whether the claimant is able to do any jobs existing in significant numbers in the national economy considering her RFC, age, education, and work experience. It is the Social Security Administration's responsibility to provide evidence of the number of jobs suitable for the claimant. 20 C.F.R. §§ 416.920(g), 416.912(f) and 416.960(c).

Based on her argument that she is limited to performing work involving one and two step instructions, Plaintiff contends that some of the jobs identified by the vocational expert as suitable for her are too complicated for her RFC and that the remaining jobs are not of sufficient number to constitute a significant number of jobs to satisfy the Commissioner's burden at step five. Since the undersigned has rejected the premise that Plaintiff is limited to one and two step instructions, the contentions that flow from that premise are also rejected.

Plaintiff points to information in the record that Plaintiff has difficulty managing money, she can count change but not in larger amounts, and in a Mini Mental Status Examination, she could not answer how many nickels there are in $1.15. Based on this

information, Plaintiff argues that the jobs are unsuitable for her because the jobs require the ability to perform arithmetic operations with coins as part of a dollar.  Plaintiff provided no citation to the source of this requirement and no reasoned discussion of this contention. It is Plaintiff's duty on appeal to support her arguments with references to the record and to tie relevant facts to her legal contentions.  The court will not "sift through" the record to find support for the claimant's arguments.  *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).  It is appropriate to view an issue as waived where, as here, the Plaintiff fails to present a developed argument to the court.  *Wall v. Astrue*, 561 F.3d 1048, 1066-1067 (10th Cir. 2009).

The Commissioner's brief explains that what Plaintiff must be referring to is the mathematics component of the educational background rating for the educational background for the jobs identified.  The Dictionary of Occupational Titles (DOT) rates the educational background for every job by the DOT in what the DOT calls a scale of General Educational Development (GED).  The DOT explains that GED "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance."  *DICOT APPENDIX,* Appendix C–Components of the Definition Trailer, III General Educational Development (GED), 1991 WL 688702. (emphasis supplied).  The DOT further explains, "[t]his is education of a general nature which does not have a recognized, fairly specific occupational objective."  *Id.*  (emphasis supplied).  Although Plaintiff was unable to answer how many nickels are in $1.15, nothing in the record or

Plaintiff's arguments suggest that Plaintiff's education is insufficient for the jobs identified by the vocational expert. The record reflects that Plaintiff completed high school, taking special education classes. [R. 41, 52-53]. The evidence of Plaintiff's inability to make monetary calculations is not uncontradicted. Although it did not constitute past relevant work, Plaintiff testified she worked as a care giver where she took clients shopping, helped them pay bills, and made sure they took their medication. She testified that the thing that keeps her from doing that type of work is transportation. [R. 41]. Plaintiff also ran a cash register at a fast food restaurant. [R. 57-58].

The undersigned finds that Plaintiff's inability to answer how many nickels are in $1.15 does not deprive the ALJ's decision of support by substantial evidence. The existence of evidence that may also support contrary findings does not deprive the ALJ's finding of support by substantial evidence. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). The court may not reweigh the evidence and displace the agency's choice between two fairly conflicting views. *Lax,* 489 F.3d at 1084. On appeal, the court reviews only the sufficiency of the evidence, not its weight. *Oldham v. Astrue*, 509 F.3d 1254, 1257-1258 (10th Cir. 2007). The statute governing judicial review of Social Security disability rulings specifies that the findings of the Commissioner of Social Security shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Furthermore, the term "substantial evidence" does not mean undisputed or unequivocal. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion. "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). Said differently, a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by that contrary evidence. The undersigned finds that the ALJ's decision is supported by substantial evidence.

Plaintiff argues that her HIV positive status prevents her from performing the job of agricultural produce sorter. Plaintiff did not cite any relevant binding authority for this proposition. Even if that job were omitted, between the other two occupations identified there are 255,000 jobs available. Plaintiff has not argued that 255,000 is an insufficient number of jobs.

Plaintiff also contends that the jobs identified by the ALJ exceed the RFC findings provided by consultative examiner, Nancy F. Barton, Ph.D., who opined as to Plaintiff's mental ability to perform work:

> Based on my limited time with Ms. [P] it is likely she is able to perform some work-related mental activities, such as the ability to understand and remember within her ability level. However, she can be expected to experience difficulty with concentration, persisting with difficult tasks, socially interacting and adapting to the demands of a work environment when compared to same age peers.

[R. 290]. The ALJ stated he gave "some weight" to Dr. Barton's mental RFC and explained that the conclusions about difficulty with socially interacting was consistent with Plaintiff's testimony. [R. 24]. Plaintiff argues that the ALJ erred in omitting discussion of Dr. Barton's opinion that Plaintiff would have difficulty "adapting to the demands of a work environment." According to Plaintiff, the jobs identified were all fast-paced jobs.

The undersigned finds that the ALJ adequately explained what portion of Dr. Barton's opinion he was accepting. Elsewhere in the decision, the ALJ stated:

> There is no evidence that she cannot adapt to changes in her environment or to demands that are not already a part of her daily life. As the primary caretaker of two young children, the claimant likely faces both of those situations on a daily basis.

[R. 20]. The undersigned finds that the ALJ's omission of an RFC limitation on the ability to adapt to a work situation is supported by substantial evidence as shown by the activities that Plaintiff engages in on a daily basis and the previously discussed opinions of the agency psychologists about Plaintiff's ability to adapt to a work environment.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before May 8, 2020.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

>disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 24th day of April, 2020.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE